[No. 22421. Department One. July 31, 1930.]

BEN H. LANZ et al., *Appellants,* v. VERNA GRAU HOCUM
et al., *Respondents.*[1]

*J. F. Aiken,* for appellants.
*Harve H. Phipps,* for respondents.

MILLARD, J.—This is an action to recover damages
claimed to have been suffered by the plaintiffs result-
ing from the fraud and deceit of the defendants. The
case was tried to the court with a jury, and resulted
in verdict and judgment in favor of the defendants.
The plaintiffs have appealed.

The only error assigned is the denial of appellants'
motion for a new trial on the ground of the insufficiency
of the evidence to justify the verdict. The evidence is
in sharp conflict. Summarized, the testimony tending
to prove appellants' allegations of fraud and deceit is
as follows: The appellants, ignorant of farming and
desirous of securing a tract of good garden land, were
induced to purchase a five-acre parcel in Spokane
county from the respondents (who were familiar with
farm lands and farm land values) by the false repre-
sentations made to them by the respondent wife that
the land was fertile, would grow any and all kinds of

[1]Reported in 290 Pac. 706.

grain and vegetables and was of a stated value. The respondents concealed from the appellants the fact that top soil had been removed from the land, and withheld from the appellants information that the land was infested with morning glories, a weed that made the land worthless for agricultural purposes.

The evidence adduced in behalf of the respondents controverts the foregoing. Respondents have been residents of California for a number of years. Mrs. Hocum lived on the land in dispute from the time she was two years old until she was about eight years of age. She was on the land about two months in 1927, while planting a garden. Mrs. Hocum took title to the land October 26, 1925. In April, 1927, the respondents went from Los Angeles to Spokane for the purpose of selling the tract. They went on the property and planted a garden, the first garden that the respondent wife had ever planted. The morning of June 22, 1927, respondents were visited by appellants and a real estate agent. Appellant husband and the agent walked across the land and circled back to the house, parting the wheat as they went through the field. On their return, a memorandum of sale was signed by the parties. That afternoon, the appellants, in company with relatives, made a second visit to inspect the property. Three days later, the contract of sale was executed, appellants paying to respondents five hundred dollars, and agreeing to pay the balance of nine hundred dollars in six annual installments. The respondents returned to their home in California.

Appellants entered into possession of the five acres in the fall of 1927, and in 1928 built thereon a small cottage. Mrs. Lanz owned an interest in a farm in Idaho. Her husband admitted having had gardens in two places other than on the land he purchased from the respondents, but insisted that was the limit of his

agricultural experience. Mrs. Hocum admits that she told the appellants that the land was good garden land and would produce good vegetables. She testified that she learned, subsequent to the sale of the land to appellants, that some top soil had been removed and that morning glories were present on the land, but she did not understand that morning glories rendered the land valueless. Eighty-nine wagon loads of top soil were taken from the land during the months of April, May and June, 1925, a few months prior to the time that Mrs. Hocum acquired the property and at a time when she and her husband were residing in California. Neither of the respondents had anything to do with the removal of the soil, and, as stated before, did not learn of that removal prior to sale of the property to the appellants. Mr. Lanz did not discover, until March, 1929, that the top soil had been taken, though he lived on the place continuously from the fall of 1927 and had a garden. An inspection of the land at the place from which the top soil had been removed disclosed that the top soil remaining there was fourteen to sixteen inches deep. It is not incredible that Mrs. Hocum did not learn, during only two months' residence on the land, of the loss of the top soil, when appellants admit they did not discover the soil had been taken until after approximately eighteen months' continuous use of the land.

Appellants had a good garden in 1928; in fact, Mr. Lanz so stated in his letter of July 4, 1928, to the respondents. The appellants, at that time, asked for a modification of the contract. They requested a deed to one acre, so they could finance a loan for the building of a home thereon. Their request was refused. Each year, for a number of years prior to appellants' contract to purchase, the land was productive, and others raised good crops of vegetables. Wheat, also,

was raised on the land prior to Mr. Lanz's agricultural attempt. At the time of its purchase by the appellants, the value of the land, witnesses testified, was greatly in excess of the purchase price appellants contracted to pay.

There can be no recovery of damages by a party asserting fraud, unless he clearly and convincingly establish the falsity of the representations relied on. Whether the representations are false is, upon conflicting evidence, a question of fact for the jury, whose finding will not be disturbed on appeal where, as in the case at bar, the only question presented is the weight of conflicting testimony.

The judgment is affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and BEALS, JJ., concur.